# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LENELLE GRAY,** | : | |
| Petitioner, | : | **CIVIL ACTION NO. 1:10-2194** |
| v. | : | (KANE, C.J.) |
| | | (MANNION, M.J.) |
| **B.A. BLEDSOE,** | : | |
| Respondent. | : | |

# **REPORT AND RECOMMENDATION**[1]

On October 25, 2010, the petitioner, Lenelle Gray, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). However, the petitioner failed to pay the statutory filing fee, or file a motion to proceed *in forma pauperis*. Accordingly, on October 26, 2010, an administrative order was issued directing the petitioner to pay the filing fee, or file a proper application to proceed *in forma pauperis*. (Doc. No. 2). Consequently, on November 4, 2010, the petitioner filed a motion to proceed *in forma pauperis*. (Doc. No. 3). Upon reviewing that motion, the court will grant the petitioner's motion to proceed *in forma pauperis*. As such, the petition will now be given

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 cases, as made applicable to Section 2241 cases by Rule 1 thereof. *See* 28 U.S.C. foll. §2254.

In petitioner Gray's habeas petition, he indicates that he was convicted of violating 18 U.S.C. §924(c), using a firearm in a drug trafficking crime, and 21 U.S.C. §841(a), possession with intent to distribute cocaine base. (Doc. No. 1 at 2). As a result, he was sentenced to one hundred and forty-four (144) months of incarceration. *Id*. Petitioner further indicates that this sentence was imposed by the United States District Court for the Northern District of Ohio in September 2005. *Id.*

Moreover, the gravamen of Gray's habeas petition is that "he has been imprisoned for conduct that was not prohibited by federal law." *Id.* Specifically, petitioner alleges that he simply possessed the firearm in question, and, as such, under *United States v. Lopez*, 514 U.S. 549 (1995), he was wrongfully convicted of violating 18 U.S.C. §924(c). Petitioner further contends that *Lopez* indicates that he is actually innocent.

Because the court observed that Gray's petition sought to challenge the legality of his conviction, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), the court issued an order advising the petitioner that: (1)

2

he can have the petition ruled on as filed; (2) have his petition re-characterized as a §2255 motion and heard as such, but in that event he will lose his ability to file a second or successive petition absent certification by the court of appeals; or (3) withdraw his petition and file one all-inclusive §2255 motion within the one-year statute of limitations period prescribed by the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub. L. No. 104-132, Title 1, §§101-108, 110 Stat. 1214, 1217-21 (1996). (Doc. No. 4). The petitioner was provided a Notice of Election form and was directed to return the completed form by January 19, 2011. *Id.* In addition, the petitioner was advised that the failure to comply with this order would result in the court ruling on the petition as captioned, namely as a §2241 habeas petition. *Id.*

As of the date of this Report and Recommendation, the petitioner has failed to comply with this court's order dated December 6, 2010. *See* (Doc. No. 4). As such, the court will now turn to the issue of whether petitioner may proceed pursuant to §2241.

A federal prisoner may challenge his sentence or conviction by motion to the sentencing court pursuant to 28 U.S.C. §2255. "Motions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the

3

Constitution." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States,* 417 U.S. 333, 343 (1974)); *see Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence in the first instance."). Indeed, a court is specifically prohibited from entertaining a federal prisoner's challenge to his conviction by an application for habeas corpus pursuant to 28 U.S.C. §2241[2] "unless it also appears that the remedy by motion [i.e., pursuant to §2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *see Okereke,* 417 F.3d at 120 ("[Section] 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective.') (citing *In re Dorsainvil*,119 F.3d 245, 251 (3d Cir. 1997)).

In order to be able to bring a §2241 petition for a writ of habeas corpus,

---

[2] Section 2255 is not designated as a habeas corpus statute, but rather speaks of motions "to vacate, set aside or correct the sentence." In contrast, §2241 is formally designated as the habeas corpus statute. But, in fact, §2255, like §2241, is a species of habeas corpus. *See Davis v. United States,* 417 U.S. 333, 343 (1974) ("[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."); *United States v. Anselmi,* 207 F.2d 312, 314 (3d Cir. 1953) ("[S]ection 2255 . . . afford[s] to a convicted federal prisoner a remedy which is the substantial equivalent of the conventional writ of habeas corpus.")

the petitioner must establish that he satisfies the safety-valve language of §2255, i.e., that the remedy by way of a §2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in §2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir.1971) (unfavorable legal standards prevailing in circuit where sentencing court located does not render §2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir.1971) (doubts about the administration of a §2255 motion in particular does not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir.1954) (even if the sentencing court incorrectly disposes of a proper motion under §2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). A prisoner can pursue habeas relief under the safety-valve clause of §2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal. *See Brown v. Mendez*,167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001).

A §2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication

5

of his claim of wrongful detention." *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir.1971)(per curiam) (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir.1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See id.*; *Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir.1966). It is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.1986). Courts have consistently held that a prior unsuccessful motion to vacate sentence does not render the remedy inadequate or ineffective. *In re Vial*, 115 F.3d 1192 (4th Cir.1997) (stating the remedy afforded by §2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a §2255 motion). Moreover, "[§]2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).

Here, the petitioner argues that he should be allowed to proceed under §2241 because under *United States v. Lopez*, he was unlawfully convicted of

6

a violation of 18 U.S.C. §924(c), and as such, he is actually innocent. The court must disagree with petitioner's argument because *Lopez* was decided in 1995, and the petitioner correctly indicates that he was convicted and sentenced in 2005. As such, the petitioner has not alleged that a change in substantive law has made him innocent of the federal charges against him. Rather, he points to his own recent discovery of the alleged applicable law, without any explanation as to why he was unable to make that discovery sooner or raise these arguments in a §2255 motion to the sentencing court in the Northern District of Ohio. *See Levan v. Sneizek*, 325 Fed. Appx. 55, 57 (3d Cir. 2009) (Section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence); *Russell v. Pugh*, 143 Fed. Appx. 408, 410 (3d Cir. 2005) (because petitioner had a reasonable opportunity to raise his claims in a §2255 motion before the District Court and the Fourth Circuit Court of Appeals, and because his claims are not based on an intervening interpretation of the statutory provisions under which he was convicted, he may not now seek relief through the filing of a §2241 petition).

    Furthermore, the court notes that a review of the docket in 1:05-cr-00-143, Northern District of Ohio, indicates that petitioner previously filed a

motion pursuant to 28 U.S.C. §2255, and that the motion was denied as untimely.  As explained above, the fact that a §2255 motion by the petitioner would presently be time-barred does not permit him to seek habeas relief pursuant to §2241. *See* Cradle, 290 F.3d at 539 ("[§]2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255.").

In sum, the petitioner has not made the requisite showing that §2255 is inadequate or ineffective to test the legality of his conviction or sentence. Further, the remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. Therefore, petitioner Gray's petition should be dismissed for lack of jurisdiction, as his claims should have been brought in a motion under §2255 to the sentencing court in the Northern District of Ohio.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1)     Petitioner be **GRANTED** leave to proceed *in forma pauperis*, (Doc. No. 3), for the sole purpose of filing the petition;

(2) The petition, (Doc. No. 1), be **DISMISSED** for lack of jurisdiction; and

(3) The Clerk of Court be directed to **CLOSE** this case.

        s/ *Malachy E. Mannion*
        **MALACHY E. MANNION**
        **United States Magistrate Judge**[3]

**Date:** April 13, 2011
O:\shared\REPORTS\2010 Reports\10-2194-01.wpd

---

[3] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.